# SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT

THIS SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT (the "AGREEMENT"), by and between EDUARDO QUIJANO (hereinafter referred to as "QUIJANO," a term which includes QUIJANO's successors, assigns, beneficiaries, personal representatives, and heirs), on the one hand, and THE PINCHO FACTORY, INC., (which term includes each and every of its officers, directors, shareholders, employees, agents (within the scope of such agency), partners, parent corporations and companies, affiliates, or subsidiaries, and divisions, as of the date hereof, and their successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs), and PINCHO FACTORY #2, INC., (which term includes each and every of its officers, directors, shareholders, employees, agents (within the scope of such agency), partners, parent corporations and companies, affiliates, or subsidiaries, and divisions, as of the date hereof, and their successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs), NEDAL AHMAD (a term which includes NEDAL AHMAD's successors, assigns, beneficiaries, personal representatives, and heirs), and NIZAR AHMAD (a term which includes NIZAR AHMAD's successors, assigns, beneficiaries, personal representatives, and heirs), on the other hand. THE PINCHO FACTORY, INC., PINCHO FACTORY #2, INC., NEDAL AHMAD, and NIZAR AHMAD are herein collectively referred to as "EMPLOYER".

In consideration of mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and in order to fully and completely compromise, settle and resolve all existing disputes, disagreements, and controversies, known or unknown, the parties hereby agree as follows:

**I. TERMS OF PAYMENT**. As consideration for the release of any and all claims that QUIJANO may have against EMPLOYER as of the date of execution of this AGREEMENT, the EMPLOYER agrees to pay the settlement amount of Seven Thousand Five Hundred Dollars and No Cents ($7,500.00), inclusive of fees and costs, payable within 5 days of Court approval. The settlement amount shall be paid in two checks. The first check in the amount of $3,919.00, as payment for all wages, liquidated damages, or any other damages owed to the Plaintiff, shall be made payable to "Eduardo Quijano", for which a form 1099 shall issue. The second check in the amount of $3,581.00, as payment for attorney's fees and costs incurred in this action, shall be made payable to "Mamane Law, LLC", for which a form 1099 shall issue.

In the event that EMPLOYER fails to timely pay an installment, QUIJANO shall advise EMPLOYER of a notice of a breach to EMPLOYER's counsel, Leon Hirzel, Esq. via email. QUIJANO shall allow EMPLOYER a period of five days to cure such breach. In the event EMPLOYER fails to timely cure such breach, Plaintiff shall be entitled to a judgment against EMPLOYER, jointly and severally in the amount of $10,000.00, less a credit for any payments made.

QUIJANO agrees to indemnify and hold EMPLOYER harmless from and against any and all liability that EMPLOYER may sustain as a result of claims, demands, costs, or judgments relating to these payments. EMPLOYER shall report for tax purposes these payments with a Form 1099.

1

QUIJANO further represents that he and his legal representatives alone are entitled to the settlement funds received and there are no claims or liens whatsoever made to these funds by any other party, including any claims made by any insurance carrier. In the event that amounts paid to QUIJANO pursuant to this AGREEMENT are subject to any claims, liens or subrogated interests, QUIJANO agrees to indemnify and hold EMPLOYER harmless from and against any and all liability that EMPLOYER may sustain as a result of such claims, liens or subrogated interests.

II. **MUTUAL RELEASE**. QUIJANO agrees to fully release the Company from any and all claims that he may have against it from the beginning of time until the date of this agreement, and to waive any right to recover in any action which may be brought on his behalf by any person or entity, including any governmental agency such as the U.S. Department of Labor, U.S. Equal Employment Opportunity Commission, The Florida Commission on Human Relations or the Department of Labor (the named agencies are meant to be illustrative rather than all-inclusive), including but not limited to any violations of:

- The FLSA;
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Equal Pay Act, as amended;
- The Age Discrimination in Employment Act; as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- Florida Wage Payment Laws;
- Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205;
- Miami-Dade Wage Theft Ordinance, as amended, Chapter 22, Sections 1-10 of the Code of Miami-Dade County;
- Any and all claims based upon tort, personal injury, or common law;
- Any and all claims based upon public policy, contract (both expressed and implied);
- Any and all claims for wrongful discharge, unpaid wages, back wages, future wage loss, employee benefits, bonuses, stock options;
- Any other federal, state or local statute, regulation or ordinance;
- Any and all claims for punitive or liquidated damages; and,
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

Notwithstanding the above, QUIJANO acknowledges that he is not releasing: any claim that relates to any rights he might have to file a claim for unemployment compensation or workers' compensation benefits or to vested benefits under any Employee Retirement Plan sponsored by the Employer; any rights or claims that may arise after this Agreement is signed; any rights or claims that by law cannot be released in this Agreement; or any rights or claims to enforce this Agreement

Similarly, EMPLOYER hereby fully releases QUIJANO from any claims that it may have against him from the beginning of time until the date of signing this agreement.

**III. VOLUNTARY DISMISSAL OF SUIT**. QUIJANO agrees that, upon the final execution of this AGREEMENT by all parties, QUIJANO's counsel shall deliver an order for execution by the Court which dismisses the following action, with prejudice, with the court retaining jurisdiction to enforce the payment terms of the agreement, and each party bearing its own costs and fees: In the United States District Court, Southern District of Florida, styled: Eduardo Quijano v. The Pincho Factory, Inc., et al., Case no. 15-22349-civ-Scola/Otazo-Reyes.

**IV. NON-ADMISSION OF LIABILITY**. It is understood and agreed that the receipt by the parties of the consideration specified herein and the execution of this AGREEMENT is not to be considered an admission of liability on the part of any of the parties, but is in full settlement of disputed claims on which liability has been and is expressly denied. QUIJANO further acknowledges that the consideration he is receiving is only in recognition of the costs of further litigation.

**V. CONFIDENTIALITY**. It is understood and agreed that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including but not limited to the fact that there has been a settlement, are confidential and that QUIJANO and his legal representatives shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of QUIJANO'S claims from the time the settlement was agreed upon forward. In the event any other person or entity asks QUIJANO or his legal representatives about the lawsuit or about any of the disputes relating to QUIJANO's employment with EMPLOYER, QUIJANO and his legal representatives shall respond only that the matter was amicably resolved and shall provide no further information.

EMPLOYER agrees that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including but not limited to the fact that there has been a settlement, are confidential and that EMPLOYER and its legal representatives shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of QUIJANO's claims from the time the settlement was agreed upon forward. In the event any other person or entity asks EMPLOYER about the lawsuit or about any of the disputes relating to QUIJANO's employment with the EMPLOYER, the EMPLOYER and its legal representatives shall respond only that the matter was amicably resolved and shall provide no further information.

This confidentiality requirement does not preclude any of the parties or their legal representatives from disclosing the existence, terms, conditions and monetary amount of this AGREEMENT to their legal spouse, representatives, accountants, insurers and tax preparers, for enforcement of this agreement, to Government officials upon request, or pursuant to subpoena, Court order or a claim by the Company for contribution. In the event that any of these entities or individuals disclose the existence, terms, conditions or monetary amount of this AGREEMENT to an approved individual listed, it shall be their responsibility to advise said individual of the confidential nature of this AGREEMENT and to secure from such individual his or his assent to be bound by this confidentiality agreement not to disclose, publicize or discuss this AGREEMENT or any of their terms with anyone else.

QUIJANO agrees that this confidentiality provision is a material element of this AGREEMENT and is consideration for EMPLOYER entering into and executing this AGREEMENT. No action by EMPLOYER or any of its officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, parents, subsidiaries, or affiliated corporations shall be taken as a waiver of EMPLOYER's right to insist that QUIJANO, and those individuals to whom he makes disclosure of the existence or terms of this AGREEMENT, abide by this confidentiality provision.

**VI. PUBLIC COMMENT/BEHAVIOR.** QUIJANO agrees that he will not make any disparaging or negative remarks concerning EMPLOYER or any of its officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, parents, subsidiaries, or affiliated corporations. QUIJANO also agrees not to make any disparaging or negative remarks concerning EMPLOYER to any vendors, customers, or clients of EMPLOYER. QUIJANO agrees not to communicate with any current or former client of EMPLOYER.

EMPLOYER agrees that it will not make any disparaging or negative remarks concerning QUIJANO. EMPLOYER agrees to only verify QUIJANO's dates of employment, job position, and rate of pay for an employment reference.

**VII. FUTURE RELATIONSHIP.** QUIJANO, now and for the future, expressly waives, releases and surrenders any right or opportunity to, and will not seek or accept employment or re-employment or reinstatement, for any position with EMPLOYER. EMPLOYER will not, at any time, be obligated to employ, continue to employ, or contract with QUIJANO, and failure to do so shall not constitute an act of retaliation.

**VIII. ATTORNEY'S FEES.** The parties further agree that in the event it should become necessary to take legal action in order to enforce the terms of this AGREEMENT, the prevailing party shall be entitled to additional attorney's fees and costs from the non-prevailing party.

**IX. CONSTRUCTION.** This AGREEMENT and the application or interpretation thereof, shall be governed exclusively by their terms and by Florida Law. Venue shall be appropriate in a court of competent jurisdiction within Miami-Dade County, Florida. This

AGREEMENT shall not be construed against the party who drafted the same as all parties have retained experts of their choosing to review this AGREEMENT.

**X. ENTIRE AGREEMENT.** This AGREEMENT represents the entire agreement and understanding between the parties and supersede all prior negotiations, understandings, representations (if any), and agreements made by and between the parties.

**XI. ENFORCEABILITY.** If any term or condition of this AGREEMENT shall be declared to be illegal, invalid or unenforceable to any extent or in any application, then the remainder of this AGREEMENT and such term or condition except to such extent or in such application, shall not be affected hereby and each and every term and condition of this AGREEMENT shall be valid and enforced to the fullest extent and the broadest application permitted by law. Any future tax consequences that may arise shall not provide a basis to set aside, or in any way alter, this AGREEMENT.

**XII. MODIFICATION.** This AGREEMENT may not be modified, supplemented or waived orally, but only by a writing signed by the party as to whom the enforcement of such modification, supplement or waiver is sought and making specific reference to this AGREEMENT.

**XIII. BINDING EFFECT.** All of the terms of this AGREEMENT shall be binding upon, and inure to the benefit of and be enforceable by, the parties and their personal or legal representatives, heirs, successors, beneficiaries and permitted assigns.

**XIV. AGREEMENT NOT TO BE USED AS EVIDENCE.** This AGREEMENT shall not be admissible as evidence in any proceeding except one in which a party to this AGREEMENT seeks to enforce this AGREEMENT, and this AGREEMENT has been breached or seeks contribution for amounts paid under this AGREEMENT or one in which a court or administrative agency of competent jurisdiction orders a party to produce this AGREEMENT.

**XV. COUNTERPARTS.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

IN WITNESS WHEREOF, the parties have executed this Settlement, Mutual Release and Confidentiality Agreement.

<u>SIGNATURES TO FOLLOW</u>

_____  _____
EDUARDO QUIJANO                  THE PINCHO FACTORY, INC.

Date: 08/19/15                   Name: _____

                                 Title: _____

                                 Date: _____


                                 _____
                                 PINCHO FACTORY, #2, INC.

                                 Name: _____

                                 Title: _____

                                 Date: _____


                                 _____
                                 NEDAL AHMAD

                                 Date: _____


                                 _____
                                 NIZAR AHMAD

                                 Date: _____

AGREEMENT shall not be construed against the party who drafted the same as all parties have retained experts of their choosing to review this AGREEMENT.

  **X.** **ENTIRE AGREEMENT.** This AGREEMENT represents the entire agreement and understanding between the parties and supersede all prior negotiations, understandings, representations (if any), and agreements made by and between the parties.

  **XI.** **ENFORCEABILITY.** If any term or condition of this AGREEMENT shall be declared to be illegal, invalid or unenforceable to any extent or in any application, then the remainder of this AGREEMENT and such term or condition except to such extent or in such application, shall not be affected hereby and each and every term and condition of this AGREEMENT shall be valid and enforced to the fullest extent and the broadest application permitted by law. Any future tax consequences that may arise shall not provide a basis to set aside, or in any way alter, this AGREEMENT.

  **XII. MODIFICATION.** This AGREEMENT may not be modified, supplemented or waived orally, but only by a writing signed by the party as to whom the enforcement of such modification, supplement or waiver is sought and making specific reference to this AGREEMENT.

  **XIII. BINDING EFFECT.** All of the terms of this AGREEMENT shall be binding upon, and inure to the benefit of and be enforceable by, the parties and their personal or legal representatives, heirs, successors, beneficiaries and permitted assigns.

  **XIV. AGREEMENT NOT TO BE USED AS EVIDENCE.** This AGREEMENT shall not be admissible as evidence in any proceeding except one in which a party to this AGREEMENT seeks to enforce this AGREEMENT, and this AGREEMENT has been breached or seeks contribution for amounts paid under this AGREEMENT or one in which a court or administrative agency of competent jurisdiction orders a party to produce this AGREEMENT.

  **XV.** **COUNTERPARTS.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

  IN WITNESS WHEREOF, the parties have executed this Settlement, Mutual Release and Confidentiality Agreement.

<u>SIGNATURES TO FOLLOW</u>

_____ _____
EDUARDO QUIJANO       THE PINCHO FACTORY, INC.

Date: _____     Name: _Nedal Ahmad_

                Title: _CEO_

                Date: _8-19-2015_

_[signature]_
PINCHO FACTORY, #2, INC.

Name: Nedal Ahmad
Title: CEO
Date: 8-19-15

_[signature]_
NEDAL AHMAD

Date: 8-19-15

_[signature]_
NIZAR AHMAD

Date: 8-19-2015